'Weyga.-ndt, C. J.
The first question presented by the defendant is whether the right of privacy exists in Ohio.
This right has had an interesting history. Its basic concept in various forms is not new, but in this country its chief impetus as an independent right seems to have originated in an article by Samuel D. Warren and Louis D. Brandéis in the year 1890 in 4 Harvard Law Review, 193. The first recognition of the right by a court of dernier ressort apparently was in the case of Pavesich v. New England Life Ins. Co., 122 Ga. 190, 50 S. E., 68, 106 Am. St. Rep., 104, 69 L. R. A., 101, 2 Ann. Cas., 561. The syllabus in that case reads in part as follows:
“2. A right of privacy is derived from natural law, recognized by municipal law, and its existence can be inferred from expressions used by commentators and writers on the law as well as judges in decided cases.
“3. The right of privacy is embraced within the absolute lights of personal security and personal liberty.
“4. Personal security includes the right to exist and the right to the enjoyment of life while existing, and is invaded not only by a deprivation of life, but also by a deprivation of those things which are necessary to the enjoyment of life according to the nature, temperament, and lawful desires of the individual.
“5. Personal liberty includes not only freedom from physical restraint, but also the right ‘to be let alone,’ to determine one’s mode of life, whether it shall be a life of publicity or of privacy, and to order one’s life and manage one’s affairs in a manner that may be most agreeable to him, so long as he does not violate the rights of others or of the public. ’ ’
Since that decision by the Supreme Court of Georgia, the right of privacy has been recognized by the following jurisdictions : Alabama, Arizona, California, District of Columbia, Florida, Indiana, Kansas, Kentucky, Michigan, Missouri, New Jersey, North Carolina, Oregon, Pennsylvania and South Carolina.
Annotations on the subject appear in 138 A. L. R., 22; 168 A. L. R., 446; 14 A. L. R. (2d), 750.
Helpful summaries are found in 41 American Jurisprudence, 923, and in 77 Corpus Juris Secundum, 396.
*39 In Ohio the lower courts have acknowledged the right, but counsel are agreed that it still is a matter of first impression in this court. However, since both reason and authority are convincingly in favor of recognition of the right, it would seem that Ohio, too, should not hesitate to take the definite step of approving this salutary and progressive principle of law.
But the defendant contends that, even though the right of privacy is recognized by this court, the judgment in the instant case must be reversed because of prejudicial error in the charge of the trial court in stating the rule to the jury. The following are the three special charges given at the plaintiff’s request:
Special charge No. 1:
“The court charges the jury that this plaintiff has a right of privacy and that the unwarranted invasion of such right, if you find from the evidence her right was invaded by either of the defendants, or both of them, will entitle her to a verdict against such defendant or both of them as invaded her right of privacy, and I charge you that as a matter of law the plaintiff’s right of privacy and to personal security includes the right to be let alone, and that she has the right to order her own life and manage her own affairs in a manner that may be most agreeable to her so long as the exercise of that right does not violate the rights of others.
“The invasion of the right of privacy may be defined also as the wrongful intrusion into one’s private activities in such manner as to outrage or to cause mental suffering, shame or humiliation to a person of ordinary sensibilities. A person may, therefore, adopt a life of seclusion with a right to remain undisturbed if she so desires.
“Therefore, if you find from the evidence that the conduct of either of the defendants, or both of them, was such as to outrage or to cause mental suffering, shame or humiliation to a person of ordinary sensibilities, it will be your duty to return a verdict for the plaintiff and against such offending defendant or defendants.
“If you find from the evidence that either of the defendants or both of them, threatened to sue the plaintiff and threatened to appeal, or did appeal, to her employer willfully or intentionally for the purpose of producing mental pain and anguish *40 in attempting to collect a debt, or by such coercion collect such debt, it will be your duty to return a verdict for the plaintiff against such offending defendant or both of them as the case may be. ’ ’
Special charge No. 2:
“I charge you that malice in law is the disposition to injure another without cause from a spirit of revenge and may be defined as a wrongful act done intentionally without just cause or excuse, or the willful doing of an injurious act without lawful excuse or purposely doing a wrongful act without justifiable excuse, and after consideration of all the evidence in this case, if you find the acts complained of in the plaintiff’s amended petition were maliciously done by one of the defendants, or both of them, as I have defined malice, you may go beyond the rule of compensatory damages and award exemplary or punitive damages; that is such damages as would compensate her for the wrong done and to punish the offending defendant or defendants, as the case may be.
“In the event you find the plaintiff is entitled to punitive or exemplary damages, you may also allow the plaintiff reasonable attorney fees for her counsel.”
Special charge No. 3:
“I charge you that where the right of privacy is invaded, the person injured is entitled to recover substantial damages although the only damages suffered by her result from mental anguish, and by substantial damages I mean damages of real worth and importance, of considerable value as opposed to nominal damages which are assessed to satisfy a bare legal right. ’ ’
A study of the authorities discloses that these statements are substantially correct.
That this principle of law in no wise prevents a creditor from making a reasonable effort to collect a debt is emphasized in the following carefully reasoned conclusion of the Court of Appeals:
“We recognize that a creditor has a right to take reasonable action to pursue his debtor and persuade payment, although the steps taken may result to a certain degree in the invasion of the debtor’s right of privacy. Simply informing *41 the debtor’s employer of the fact that the debt is owed, of itself, would not constitute an invasion of the right. Patton v. Jacobs (1948), 118 Ind. App., 358, 78 N. E. (2d), 789; Lewis v. Physicians & Dentists Credit Bureau, Inc. (1947), 27 Wash. (2d), 267, 177 P. (2d), 896.
“However, the factual situation developed in the instant case is entirely different. The record shows that the defendant deliberately initiated a systematic campaign of harassment of the plaintiff, not only in numerous telephone calls to the plaintiff herself every day for a period of three weeks, some of which were late at night, but also calls to her superiors over the telephone, informing them of the debt; that she was called out of the classroom in the public schools where she was employed three times within 15 minutes; that she lost a roomer at her rooming house because of the repeated calls, and was threatened with loss of employment unless the telephone calls ceased. The calls to the employer, and the rooming house, were all part of the pattern to harass and humiliate the plaintiff and cause her mental pain and anguish and cause her emotional disturbance for the purpose of coercing her to pay the debt. The jury had a right to conclude that the defendant committed such acts maliciously. As a result of the conduct of the defendant the plaintiff became ill. In our opinion the conduct of the defendant falls outside the bounds of reasonable methods which may be pursued in an effort to collect a debt, and is actionable as an invasion of plaintiff’s right of privacy.”
Hence, it is the view of this court that the judgment of the Court of Appeals must be affirmed.

Judgment affirmed.

Matthias, Zimmerman and Bell, JJ., concur.
Hart, Stewart and Taet, JJ., dissent.